# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| PAUL LATHAN, JR.<br>    La. DOC #502198<br>VS. | CIVIL ACTION NO. 08-0731<br><br>SECTION P |
| WARDEN JOHNNY SUMLIN | MAGISTRATE JUDGE HAYES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On September 26, 2008, the undersigned authored a Report recommending dismissal of the instant petition for writ of *habeas corpus* based on the petitioner's admitted failure to exhaust available state court remedies. [rec. doc. 8] On October 7, 2008, petitioner filed an objection to the Report and Recommendation which also requests an order directing state authorities to provide a copy of the trial transcripts. [rec. doc. 9] The undersigned has reviewed the objection and the petitioner's request for documents. His objection and request are without merit as is shown hereinafter.

### *Petitioner's Objections*

Petitioner was earlier directed to "provide argument in support of his contention that it was necessary for him to review [the trial] transcripts prior to perfecting his application for certiorari..." [rec. doc. 4, pp. 6-7; see also rec. doc. 4, fn 7] His response to that order contained various exhibits, but did not address the issue. [rec. doc. 7] In his objection he now contends that he needed the trial and appeal transcripts to perfect his writ application because, "In the court transcripts are testimony of witnesses, proof of procedural error by District Court and the District Attorney. The evidence contained therein, specifically the autopsy report and its use plays a vital role in my defense." [rec. doc. 9, p. 2]

As noted by the undersigned in both the Memorandum Order [rec. doc. 4] and the Report and Recommendation [rec. doc. 8], under the Rules of the Louisiana Supreme Court, petitioner could only argue that the Court of Appeals erred in its resolution of the Assignments of Error previously raised and address on direct appeal. He could not advance for the first time in his writ application, a new assignment of error or theory of defense, and therefore petitioner was limited to arguing that the Court of Appeal committed some <u>legal error</u> with regard to the (1) ruling on the issue of prescription (La. C.Cr.P. arts. 578 and 580); or, (2) the granting of the State's motion *in limine* with regard to evidentiary issues (La. C.E. arts. 401 and 404); or, (3) the issue of excessiveness of sentence.[1]

Petitioner's objection, insofar as he continues to maintain that he was in need of the "...testimony of witnesses, proof of procedural error by District Court and the District Attorney... [and] ... the autopsy report ..." in order to perfect his application for writ of *certiorari* is

---

[1] Louisiana Supreme Court Rule X(a) provides: "The grant or denial of an application for writs rests within the sound judicial discretion of this court. The following, while neither controlling nor fully measuring the court's discretion, indicate the character of the reasons that will be considered, one or more of which must ordinarily be present in order for an application to be granted:
  (1) The decision of a court of appeal conflicts with a decision of another court of appeal, this court, or the Supreme Court of the United States, on the same <u>legal issue</u>.
  (2) A court of appeal has decided, or sanctioned a lower court's decision of, a <u>significant issue of law</u> which has not been, but should be, resolved by this court.
  (3) Although the decision of the court of appeal is in accord with the controlling precedents of this court, the <u>controlling precedents</u> should be overruled or substantially modified.
  (4) A court of appeal has <u>erroneously interpreted or applied the constitution or a law of this state or the United States</u> and the decision will cause material injustice or significantly affect the public interest.
  (5) The <u>court of appeal has so far departed from proper judicial proceedings or so abused its powers</u>, or sanctioned such a departure or abuse by a lower court, as to call for an exercise of this court's supervisory authority."

Rule X(b) directs the applicant to "address, in concise fashion, why the case is appropriate for review under the considerations stated in subsection (a) above, in accordance with Section 3 or 4 of this rule."

Thus, with regard to his application for certiorari, petitioner was limited to arguing only errors of law committed by the trial court or court of appeals and such argument was limited, by court rule, to the appellate court's decision with respect to the assignments of error already argued on appeal.

unsupported by the law and evidence and is without merit.

Finally, petitioner, through his objection, asks the court to order the State of Louisiana to produce the trial record in order that he may inspect the record and "... retrieve the evidence [he needs] to properly attack [his] conviction..." The undersigned addressed this issue in the original Report and Recommendation noting,

> Petitioner thus implies that the Constitution requires the State to provide an indigent defendant with a complete trial transcript free of charge in order for the defendant to pursue discretionary relief in the Louisiana Supreme Court. He is mistaken. In *Griffin v. Illinois*, 351 U.S. 12, 19-20, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Supreme Court held that the Due Process and Equal Protection clauses of the Fourteenth Amendment require that states provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful appellate review. However, the state is not "obligated to automatically supply a complete verbatim transcript," *Moore v. Wainwright*, 633 F.2d 406, 408 (5th Cir.1980), and a State need not waste its funds providing for free those parts of the transcript that are not "germane to consideration of the appeal." *Draper v. Washington*, 372 U.S. 487, 495, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). "[N]or is the state required to furnish complete transcripts so that the defendants ... may conduct 'fishing expeditions' to seek out possible errors at trial." *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir.1982).
>
> Further, it appears as though the Louisiana courts would have authorized the production of free transcripts upon petitioner's demonstration of a particularized need for the records. [see rec. doc. 7, pp. 14-16] However, petitioner's allegation of a "particularized need" was deficient. In his Motion to Compel Production of Documents he alleged only, "Defendant avers that he has a particularized need for the verbatim transcripts as well as minutes from the 2nd Circuit Court of Appeal as are applicable in order to fully prepare a comprehensive application for Writ of Certiorari for presentation to this Honorable Court." [see rec. doc. 7, p. 5, at ¶IV] Such a conclusory statement was clearly insufficient to warrant relief. [rec. doc. 8]

This court is without authority to order production of the State's trial record. Petitioner should make that request to the appropriate state court bearing in mind the following principals as articulated by Louisiana's First Circuit Court of Appeals:

3

> [A]s to requests for free copies of matters in criminal proceedings (as here involved), court rulings such as this court's *State ex rel. Nash v. State*, 604 So.2d 1054 (La.App. 1st Cir.1992), control. <u>In *Nash*, we concluded that if an indigent seeks a copy of any other transcript, he must state a particularized need for the document.</u> *State ex rel. Nash v. State*, 604 So.2d at 1054. Except for one free copy of the *Boykin* transcript, as recognized in *State ex rel. Johnson v. Clerk of Court*, 479 So.2d 916 (La.1985), <u>one has no right to a free copy of any other transcript without stating a particularized need,</u> *State ex rel. Joseph v. State*, 482 So.2d 680, 681 (La.App. 1st Cir.1985). <u>A particularized need is defined as a showing that the suit for which the transcript is desired is not frivolous and that the transcript is necessary to decide the issues presented.</u> *U.S. v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)). *Nash* adds, at 604 So.2d 1054:
>
> Relator may request a copy of [any] transcript ... under the Public Records Act, La.R.S. 44:3, et seq. However, ... he should be prepared to pay the regular service fees for the document.
>
> Foster's pleading does not show any particularized need for any criminal transcript or other public record that would entitle him to a free copy under the case law referred above. <u>In the absence of such a showing, plaintiff has only a right to get copies of the documents he desires by paying for them.</u> *State ex rel. Williams v. Warden*, 94-2693 (La. 2/9/95); 649 So.2d 414; *Dickinson v. District Judge, 19th Judicial District Court*, 94-3036 (La. 2/9/95); 649 So.2d 414.

*Foster v. Kemp*, 94 1228 (La.App. 1 Cir. 6/23/95), 657 So.2d 681, 685 (emphasis supplied).

> Finally, petitioner is advised,
>
> For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La.C.Cr.P. art. 924 *et seq*. <u>That access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents 'to comb the record for errors.' *State ex rel. Payton v. Thiel*, 315 So.2d 40 (La.1975). If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. art. 930.3, he may also 'specify[ ] with reasonable particularity the factual basis for such relief,' and thereby meet the initial requirements set forth in La.C.Cr.P. art. 926 for filing the application and invoking the post conviction articles. An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support.</u> See *Payton, supra*; *State v. Drozd*, 116 Ariz. 330, 569 P.2d 272, 274

> (Ct.App.1977) ('[d]ue process and equal protection surely do not require the providing of transcripts to make petitioner aware in the first instance of events or occurrences which constitute grounds for collateral attack'). Cf. *Cutbirth v. State*, 695 P.2d 156, 159 (Wyo.1985) ('a petition for post-conviction relief must be on file and the district court must determine that the petition has merit' before an inmate will receive free copies of transcripts); *Reed v. State*, 310 Ark. 651, 840 S.W.2d 165, 166 (1992) (free copies of 'material on file' available to inmate only when he 'demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for post conviction relief').

*State ex rel. Bernard v. Criminal Dist. Court Section J*, 94-2247 (La. 4/28/95), 653 So.2d 1174, 1175 (emphasis supplied).

Therefore, for the above reasons,

Petitioner's request for the production of state court records is **DENIED;** and,

**IT IS AGAIN RECOMMENDED THAT** the instant petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

5

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, this 4th day of December, 2008.

```
                                    KAREN L. HAYES
                                    U. S. MAGISTRATE JUDGE
```